IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVED AHMED, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 05-944 |
| I.C. SYSTEM, INC., RAVI KANT, M.D. and KEN RAPP, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM ORDER

In this civil action, plaintiff, Javed Ahmed, asserts the following claims against defendants, I.C. System, Inc., Ravi Kant, M.D. ("Dr. Kant") and Ken Rapp, arising out of medical treatment provided to plaintiff by Dr. Kant for injuries sustained in an automobile accident on July 29, 2003 and defendants' subsequent attempts to collect the cost of the medical treatment from plaintiff:

> **Count I** (against I.C. System, Inc.) - violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o;
>
> **Count II** (against I.C. System, Inc. and Dr. Kant) - violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6;
>
> **Count III** (against I.C. System, Inc. and Dr. Kant) - violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq.;
>
> **Count IV** (against I.C. System, Inc. and Dr. Kant) - unjust enrichment;
>
> **Count V** (against I.C. System, Inc. and Dr. Kant) - civil conspiracy;

**Count VI** (against all defendants) - violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968;

**Count VII** (against Dr. Kant) - fraud;

**Count VIII** (against Dr. Kant) - negligent misrepresentation; and

**Count IX** (against Dr. Kant) - breach of contract.

On October 26, 2005, Dr. Kant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. No. 12). Initially, Dr. Kant asserts that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(c).[1] Noting that the gist of plaintiff's complaint concerning him is the claim that he overcharged

---

1. Section 1367(c) of Title 28 of the United States Code provides:

   **§ 1367.  Supplemental jurisdiction**

   \*   \*   \*

   (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

   >  (1) the claim raises a novel or complex issue of State law,
   >  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   >  (3) the district court has dismissed all claims over which it has original jurisdiction, or
   >  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

   \*   \*   \*

plaintiff for medical treatment rendered in connection with an automobile accident in violation of the cost-containment provision of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.*, and Pennsylvania common law, Dr. Kant maintains that the lone federal claim asserted against him - the RICO claim - "is simply a federal appendage to what is clearly a case based on state statute and common law." (Dr. Kant's Motion to Dismiss, p. 3). Dr. Kant then asserts that plaintiff has failed to state a claim upon which relief may be granted with respect to the RICO claim, the UTPCPL claim and the common law claims for unjust enrichment, civil conspiracy and fraud.

On November 14, 2005, plaintiff filed a response to Dr. Kant's motion to dismiss and a motion to dismiss the claims against Dr. Kant pursuant to Fed.R.Civ.P. 41(a)(2). In this document, plaintiff indicates that he agrees to the dismissal of the RICO claim against Dr. Kant, and that he wishes to dismiss the state law claims against Dr. Kant without prejudice to his right to re-file those claims in state court. (Doc. No. 19). Two days later, on November 16, 2005, plaintiff filed another response to Dr. Kant's motion to dismiss indicating that he agreed to the dismissal of the claims against Dr. Kant (Doc. No. 20), as well as a separate motion to dismiss the claims against Dr. Kant pursuant to Fed.R.Civ.P. 41(a)(2). (Doc. No. 21). Under the circumstances, Dr. Kant's motion to dismiss will be

denied as moot and plaintiff's motion to dismiss the claims against Dr. Kant under Fed.R.Civ.P. 41(a)(2) will be granted.

AND NOW, this ___ day of December, 2005, IT IS SO ORDERED.

　　　　　　　　　　　／s／ William L. Standish
　　　　　　　　　　　William L. Standish
　　　　　　　　　　　United States District Judge


cc: Jeffrey L. Suher, Esq.
　　4328 Old William Penn Highway
　　Suite 2J
　　Monroeville, PA 15146
　　Email: jsuherlaw@adelphia.net

　　James A. McGovern, Esq.
　　Paul A. Atencio, Esq.
　　MARSHALL, DENNEHEY, WARNER, COLEMAN
　　　& GOGGIN
　　600 Grant Street, USX Tower
　　Suite 2900
　　Pittsburgh, PA 15219
　　Email: jmcgovern@mdwcg.com

　　Jason A. Mitchell, Esq.
　　DiBELLA, GEER, McALLISTER & BEST
　　312 Boulevard of the Allies
　　3rd Floor
　　Pittsburgh, PA 15222
　　Email: jmitchell@dgmblaw.com